UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                         :
UNITED STATES OF AMERICA,           :     **ORDER DENYING MOTION**
                         :     **TO MODIFY SENTENCE**
                         :
        -against-                     :     22 Cr. 378 (AKH)
                         :
RICARDO AYALA,                      :
                         :
                 Defendant.    :
                         :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant moves for a modification of his sentence under 18 U.S.C. § 3582(c)(2), which permits courts to reduce sentences "based on a sentencing range that has subsequently been lowered by" a change in the Guidelines. I deny Defendant's motion.

        Defendant points to a change in the Guidelines that went into effect on November 1, 2006 permitting courts to apply the second-degree murder cross-reference in narcotics cases, where appropriate. But though the offense occurred in 2002, I applied the version of the Guidelines that were in effect on the date I imposed sentence, *see* 18 U.S.C. § 3553(a)(4)(A)(ii), since the version of the Guidelines at the time of this offense would not have been more favorable to Defendant. *See Peugh v. United States*, 569 U.S. 530, 533 (2013). Here, there was no intervening change in the Guidelines that would have reduced Defendant's Guidelines calculation, and thus his 18 U.S.C. § 3582(c)(2) motion lacks a legal basis.

        I sentenced Defendant to 220 months' imprisonment for his participation in the premeditated, ambush-style shooting of 19-year-old Atari Felton. Defendant shot Felton because he believed Felton threatened the open-air drug market that Defendant and his co-conspirators dominated. Accordingly, at sentencing, I applied the first-degree murder cross reference, *see*

1

U.S.S.G. §§ 2A1.1, 2D1.1(d)(1), without objection, as stipulated in the plea agreement that Defendant signed. *See* ECF No. 59 at 7; 18 U.S.C. § 1111 ("Every murder . . . perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree."). That remains the correct Guideline. The sentence I ordered—220 months' imprisonment—is lower than the 240-month Guidelines range stipulated to in the plea agreement.

The Clerk shall terminate ECF No. 65.

SO ORDERED.

Dated:  November 21, 2024
        New York, New York

                                    _____
                                    ALVIN K. HELLERSTEIN
                                    United States District Judge

2