UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
UNITED STATES OF AMERICA,                   :   **ORDER DENYING MOTION**
:   **TO REDUCE SENTENCE**
:
-against-                                   :   22 Cr. 378 (AKH)
:
RICARDO AYALA,                              :
:
Defendant.                  :
:
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Defendant Ricardo Ayala moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), which permits courts to reduce sentences "based on a sentencing range that has subsequently been lowered by" a change in the Guidelines. But since his sentencing range has not subsequently been lowered by a Guidelines change, I denied Ayala's motion for such relief on November 21, 2024, *see* ECF No. 66, and I do so again here.

    Ayala's renewed motion is meritless. He avers that he is eligible for a sentence reduction based on Amendment 684 to the U.S. Sentencing Guidelines, which permits courts to apply the second-degree murder cross-reference in narcotics cases, where appropriate. But Amendment 684 went into effect on November 1, 2006, more than 15 years prior to Ayala's May 6, 2024 sentencing. Thus, Ayala's § 3582(c)(2) petition is not cognizable.

    I sentenced Ayala to 220 months' imprisonment for his participation in the premeditated, ambush-style shooting of 19-year-old Atari Felton. Ayala shot Felton because he believed that Felton threatened the open-air drug market that Ayala and his co-conspirators dominated. Accordingly, at sentencing, I applied the first-degree murder cross reference, *see* U.S.S.G. §§ 2A1.1, 2D1.1(d)(1), without objection, as stipulated in the plea agreement that Ayala signed. *See*

1

ECF No. 59 at 7; *see also* 18 U.S.C. § 1111 ("Every murder . . . perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree."). That remains the correct Guideline. The sentence I ordered—220 months' imprisonment—is lower than the statutory maximum 240-month Guidelines range stipulated to in the plea agreement, and comports with the factors enumerated in 18 U.S.C. § 3553(a) given the nature and circumstances of Ayala's conduct and prior criminal history.

I certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore, I deny in forma pauperis status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall terminate ECF No. 68, and shall also mail a copy of this Order to Ayala.

SO ORDERED.

Dated:   September 25, 2025
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge